CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY v. GEORGE W. JOHNSTON.

FILED MARCH 8, 1899.    No. 8786.

1. **Delivery of Property to Carrier:** EVIDENCE: BILL OF LADING. The bill of lading and way-bill made by the authorized agent of a common carrier of freight are competent evidence tending to prove that the articles therein described were delivered to such carrier for shipment.

2. **Findings of Jury:** CONFLICTING EVIDENCE: REVIEW. The conclusion deduced by a jury from fairly conflicting evidence will not be set aside where there is nothing to indicate that such conclusion was the result of rash, partial, or intemperate action.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.  *Affirmed.*

*Montgomery & Hall,* for plaintiff in error.

*Frank T. Ransom, contra.*

SULLIVAN, J.

This action was brought to recover the value of one easy chair which it is claimed was delivered by the plaintiff George W. Johnston to the defendant the Chicago, Milwaukee & St. Paul Railway Company for transportation from Chicago to Omaha and lost in transit. The defense was a general denial.  A jury impaneled to try the cause found for the plaintiff and judgment was rendered on the verdict.

The errors assigned are all grounded upon the proposition that the verdict is not sustained by sufficient competent evidence.  It appears from the bill of exceptions that in February, 1894, Johnston, who was then residing in Omaha, directed his agent at Detroit to ship to him certain household furniture which he had previously stored in the latter city.  The shipment was made via the Michigan Central Railroad Company to Chicago, and thence to Omaha over the defendant's line.  The bill of lading issued by the initial carrier enumerates the articles received by it and, among other things, acknowledges the receipt of four rockers and one easy chair. The defendant's clerk at the transfer house in Chicago checked over the list of articles found on the way-bill of the Michigan Central Company and noted each item on the expense bill rendered to the defendant.  Included in the list so checked and noted were four rockers and one easy chair.  These articles are also described in the way-bill of freight forwarded from the defendant's transfer house in Chicago.  The chair in question is described as a large square, upholstered chair with patent spring

rockers on a square base. John O'Connor, a witness for the defendant, testified that he checked the goods received by the defendant from the Michigan company and that the chair in controversy was not included in the consignment. Similar testimony was given by William McKeague, who checked the goods at Omaha from the car to the depot. Mr. Johnston, as a witness in his own behalf, testified that among the articles of furniture left by him in store at Detroit were the easy chair and three or four rocking chairs. Counsel for the company contend that the employés of the defendant applied the description "one easy chair," as contained in the bill of lading and way-bills, to one of the rockers included in the shipment, and that these documents are, therefore, without evidential value. This contention is bottomed on a theory and not upon any established fact. It is evident that the consignment contained some article of furniture not properly classified as a rocking chair. There is no proof that any such article was ever delivered to the consignee. There is evidence that the plaintiff had in store at Detroit, and that he delivered to the Michigan carrier for shipment, four rockers and one easy chair. From the description in the defendant's way-bill and from the notation on the expense bill rendered to it at Chicago it appears that those articles came into its possession; but there is no evidence that four rockers and one easy chair were delivered to the plaintiff at Omaha. But conceding that the easy chair should be regarded as a rocker under different designation, the jury would have been warranted, nevertheless, in finding that the defendant received for shipment one rocker which it did not deliver. The verdict is supported by sufficient evidence and the judgment is

AFFIRMED.